■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO ROCCO, JR., Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated August 25, 1967, which dismissed the writ after a hearing. Judgment affirmed, without costs. Relator's contentions in support of the writ were previously considered and rejected in *People* v. *Rocco* (N. Y. L. J., Oct. 31, 1966, p. 19, col. 6, affd. 28 A D 2d 649, mot. for lv. to app. to the Court of Appeals den. Sept. 19, 1967). (Cf. *People ex rel. Zindulka* v. *McMann*, 8 A D 2d 646; *People ex rel. Noworyta* v. *La Valle*, 13 A D 2d 869; *People* v. *Fink*, 20 A D 2d 935, affd. 15 N Y 2d 679, cert. den. 381 U. S. 906; see, also, *People ex rel. Rocco* v. *Follette*, 29 A D 2d 844.) Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ ROBERT YOUNG, an Infant, by His Guardian ad Litem, MORRIS YOUNG, et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered October 31, 1968 after a jury trial on the issues of negligence only, in favor of defendants upon the trial court's dismissal of the complaint at the close of plaintiffs' case. Judgment reversed, on the law, and new trial granted on the issues of liability only, with costs to abide the event. No questions of fact have been considered. Plaintiff Robert Young claims that, while entering Public School 206, in the Borough of Queens, New York City, on a rainy day, he slipped and fell on the wet terrazzo floor in the vestibule. He was then a student of the school and 15 years of age. According to his proof the outside door to the vestibule had remained open all day. After he slipped and fell he noticed that there was dirty water all over the vestibule floor and that this water had a depth of about one quarter of an inch. Although rubber mats were used at other entrances to the school during rainy weather, no such mats were used at this entrance. Defendants had notice that the door to this vestibule had remained open; and a custodian had mopped the floor in question four or five times in the hour preceding the accident. Plaintiffs' expert testified that terrazzo floors are impervious to water and are slippery when wet. He also testified that it was the custom and usage to use rubber mats on terrazzo floors during rainy weather and that mopping would not totally eliminate the slipperiness of a wet terrazzo floor. Taking these facts as true, as we must on this appeal, it is our opinion that it was error to dismiss the complaint at the conclusion of the plaintiffs' case. In these circumstances the question of whether defendants had failed to use reasonable care to prevent or remedy a dangerous condition after receiving notice thereof was for the jury (cf. *Miller* v. *Gimbel Bros.*, 262 N. Y. 107; *Fortgang* v. *Chase Manhattan Bank*, 23 N Y 2d 895; *Gluck* v. *Sunapee Realty Corp.*, 257 App. Div. 658). Beldock, P. J., Brennan, Munder, Martuscello and Kleinfeld, JJ., concur.

## (January 13, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY CACCAVALE, Appellant, v. SHERIFF OF SUFFOLK COUNTY, Respondent.— In a proceeding treated as in the nature of habeas corpus, relator appeals from so much of a judgment of the Supreme Court, Suffolk County, entered December 23, 1969, as reduced his bail from $150,000 to $100,000. Judgment modified, on the law and the facts, by further reducing the bail to $20,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the amount

of the bail, as reduced by the Special Term, is excessive to the extent indicated by the further reduction directed herein. Christ, Acting P. J., Rabin, Martuscello, Kleinfeld and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS EBOLI, Also Known as RALPH EBOLI, Appellant, v. SHERIFF OF SUFFOLK COUNTY, Respondent.— In a proceeding treated as in the nature of habeas corpus, relator appeals from so much of a judgment of the Supreme Court, Suffolk County, entered December 23, 1969, as reduced his bail from $150,000 to $100,000. Judgment modified, on the law and the facts, by further reducing the bail to $20,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the amount of the bail, as reduced by the Special Term, is excessive to the extent indicated by the further reduction directed herein. Christ, Acting P. J., Rabin, Martuscello, Kleinfeld and Benjamin, JJ., concur.

■ JOHN RUSIN, Respondent, v. JACKSON HEIGHTS SHOPPING CENTER, INC., Defendant-Appellant and Third-Party Plaintiff-Respondent. KEYSTONE FIREPROOFING CORP. et al., Third-Party Defendants-Appellants.— Separate motions by defendant-appellant and by third-party defendants-appellants for leave to appeal to the Court of Appeals from an order of this court dated November 24, 1969. Motions granted. In our opinion, questions of law have arisen which ought to be reviewed. The following question of law is certified: Was the order of this court, dated November 24, 1969, properly made: The findings of fact have been affirmed. Christ, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Martuscello, J., not voting.

## (January 19, 1970)

■ In the Matter of DIONYSIOS SPYROS SPYROPOULOS, Petitioner.— Application by petitioner for admission to the Bar of the State of New York without examination, on the ground that he was admitted to practice as an attorney in Greece. Application denied. Petitioner's practice of law in Greece does not constitute the practice of law in a foreign country whose jurisdiction is based upon the principles of the English common law, within the meaning of paragraph a of subdivision 1 of rule VII of the Rules of the Court of Appeals for Admission of Attorneys and Counselors at Law (22 NYCRR 527.1 [a]). Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.

■ In the Matter of ROBERT BLACK et al., Copartners Doing Business as WESTBURY GARDENS CO., Appellants, v. BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF WESTBURY, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination rendered November 18, 1968, which denied petitioners' application for a use variance to allow certain residential lots to be used as entrance and exit to an apartment complex, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered May 23, 1969, which dismissed the proceeding. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for review of respondent's determination on the merits. Respondent has the power pursuant to section 50-149 of the Village of Westbury Amended Building Zone Ordinance to determine whether or not to grant a use variance with respect to substandard building plots in a residential area, for use as an entrance to and exit from an apartment house complex. The Special Term is required to review the findings of fact made by respondent. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ In the Matter of EDWARD LECCI, Individually, and as President of the NASSAU COUNTY PATROLMEN'S ASSOCIATION, Appellant, v. FRANCIS B. LOONEY,